John P. BOURKE, Appellant,

v.

UNITED STATES of America,
Appellee.

No. 151, Docket 26449.

United States Court of Appeals
Second Circuit.

Argued Jan. 11, 1961.

Decided Feb. 10, 1961.

Bernard Meyerson, Martin K. Kahn, Brooklyn, N. Y., for appellant.

Cornelius W. Wickersham, Jr., Brooklyn, N. Y., Judith A. Gelb, Brooklyn, N. Y., Confidential Asst. to U. S. Atty., of counsel, for appellee.

Before LUMBARD, Chief Judge, and CLARK and HAND, Circuit Judges.

PER CURIAM.

Judge Rayfiel has stated the facts very fully and we cannot see the necessity of a detailed repetition of them. He correctly says that the solution of this controversy can best be found by deciding where the collision took place between the motor car and the truck. He fixed it "at a point some 40 feet east thereof": i. e. 40 feet "east of the west boundary of the northbound lane of Third Avenue." If so, the truck had very nearly passed across the northbound lane whose width is 63 feet.

The plaintiff claims to have proved contributory negligence because the truck driver did not see the motor car coming up the north lane, which must have been in plain sight had he looked to the right after he passed the "stop signal," and before he had himself entered the north lane. That is true, but it does not necessarily prove that the postal truck was at fault. The case falls within § 1142 of the New York Vehicle and Traffic Law, McKinney's Consol.Laws, c. 71 which sets the duty of a driver "approaching a stop sign," as the driver of the postal truck had done. He is to "yield the right of way to any vehicle which has entered the intersection from another highway or which is approaching so closely on said highway as to constitute an immediate hazard, but said driver having so yielded may proceed." With this section we are to read § 1140(b): "When two vehicles enter an intersection from different highways at approximately the same time the driver * * * on the left shall yield the right of way to the vehicle on the right."

In the case at bar the only testimony was that the speed of the postal truck

was not over five miles an hour while crossing the north lane of Third Avenue, and that the speed of the motor car was over twenty-five miles an hour. As we have said, the truck had crossed 40 of the 63 feet of the north lane. If so, it follows that when the two cars came within sight of each other the motor car was moving four or five times as fast as the truck and was not an "immediate hazard." The truck's driver having stopped at the sign was entitled to "proceed." Plainly § 1140(b) did not apply for the two cars could not have entered the "intersection from different highways at approximately the same time," and the motor car should have yielded the right of way to the postal truck which had already "entered the intersection." § 1140(a).

Judgment affirmed.